IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH LEE COOPER,**

        Petitioner,

v.                                          **CIVIL ACTION NO. 2:12cv13**
                                              **(Judge Bailey)**

**TERRY O'BRIEN, Warden,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On February 27, 2012, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 together with the $5.00 filing fee. The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his sentence imposed by the United States District Court for the Eastern District of Tennessee. This matter is pending before me for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS

A jury convicted the petitioner of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The United States District Court for the District of Tennessee sentenced him as an armed career criminal to 220 months in prison. The conviction was affirmed on appeal. United States v. Cooper, 15 F. App'x 238 (6th Cir. 2001). The petitioner subsequently filed an unsuccessful motion to vacate his sentence under 28 U.S.C. § 2255.

Thereafter, on May 24, 2010, the petitioner filed a motion for a reduction in his sentence based on the new sentencing guidelines for computing criminal history. The petitioner asked the sentencing court to reconsider his criminal history pursuant to 18 U.S.C. § 3582(c)(2), in light of the

1

new sentencing guidelines dealing with the computation of criminal history points. On August 13, 2010, the sentencing court denied his motion to reduce his sentence. In so doing, the court found that guidelines were not made retroactive. More specifically, the court noted that the petitioner relied on Amendment 709 which is not on the list of retroactive amendments. Since the amendment is not retroactive, the court found it had no authority to reduce the petitioner's sentence. See Case 3:98-cr-00074 (Doc. 51)( United States District Court for the Eastern District of Tennessee at Knoxville). The petitioner appealed this decision. In affirming the district court's decision, the Sixth Circuit noted that the petitioner alleged that his sentence was enhanced based upon two prior convictions, and that the prior convictions should be consolidated into one conviction under Amendment 709. The Sixth Circuit determined that § 358(c) is limited in scope and does not authorize a general re-sentencing. In addition, the Sixth Circuit agreed that because Amendment 709 is not listed in USSG § 1B1.10(c), it is not retroactive, and the district court did not err in finding that petitioner could not invoke it to reduce his sentence. (Id. at Doc. 53).

The petitioner now attacks the validity of his sentence via a § 2241 petition in which he again asserts that the sentencing court separated two armed robbery convictions from the Knoxville County Juvenile Court that were consolidated into one 42 month juvenile sentence. For relief, the petitioner asks this court to remove the 924(e) enhancement from his sentence and correct his sentence to the proper range without the 924(e) enhancement.

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is

2

properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner asserts that he is actually innocent of the career offender enhancement. However, in order to raise a claim of actual innocence under § 2241, the petitioner

3

must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[1] This the petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crimes for which the petitioner was convicted remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

---

[1] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

**DATED**: April 13, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE