**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**JOSEPH LEE COOPER,**

    Petitioner,

v.

                                **CIVIL ACTION NO. 2:12-CV-13**
                                            **(BAILEY)**

**TERRY O'BRIEN, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 5]. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on April 13, 2012 [Doc. 5]. In that filing, the magistrate judge recommends that this Court deny and dismiss the petitioner' Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1].

**II.    Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  The petitioner timely filed his Objections [Doc. 7] on April 26, 2012.  Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects.  The remainder of the R&R will be reviewed for clear error.

### III.     Factual and Procedural History

A jury convicted the petitioner of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  The United States District Court for the Eastern District of Tennessee sentenced him as an armed career criminal to 220 months in prison.  The conviction was affirmed on appeal.  ***United States v. Cooper***, 15 F.App'x 238 (6th Cir. 2001).  The petitioner subsequently filed an unsuccessful motion to vacate his sentence under 28 U.S.C. § 2255.  Thereafter, on May 24, 2010, the petitioner filed a motion for a reduction in his sentence based on the new sentencing guidelines for computing criminal history.  The petitioner asked the sentencing court to reconsider his criminal history pursuant to 18 U.S.C. § 3582(c)(2), in light of the new sentencing guidelines dealing with the computation of criminal history points. On August 13, 2010, the sentencing court denied his motion to reduce his sentence.  In so doing, the court found that guidelines

were not made retroactive. More specifically, the court noted that the petitioner relied on Amendment 709, which is not on the list of retroactive amendments. Since the amendment is not retroactive, the court found it had no authority to reduce the petitioner's sentence. See Case 3:98-cr-00074 (Doc. 51)(United States District Court for the Eastern District of Tennessee at Knoxville). The petitioner appealed this decision. In affirming the district court's decision, the Sixth Circuit noted that the petitioner alleged that his sentence was enhanced based upon two prior convictions, and that the prior convictions should be consolidated into one conviction under Amendment 709. The Sixth Circuit determined that § 358(c) is limited in scope and does not authorize a general re-sentencing. In addition, the Sixth Circuit agreed that because Amendment 709 is not listed in USSG § 1B1.10(c), it is not retroactive, and the district court did not err in finding that petitioner could not invoke it to reduce his sentence. (Id. at Doc. 53).

## IV. Analysis

The petitioner now attacks the validity of his sentence via a § 2241 petition in which he again asserts that the sentencing court separated two armed robbery convictions from the Knoxville County Juvenile Court that were consolidated into one 42-month juvenile sentence. For relief, the petitioner asks this court to remove the 924(e) enhancement from his sentence and correct his sentence to the proper range without the 924(e) enhancement. The magistrate judge found that a petition under § 2241 is not the proper avenue for relief.

The petitioner states three objections to the R&R. First, the petitioner argues that the magistrate judge incorrectly found that the instant petition does not attack the manner

in which the sentence is executed.  This Court agrees that the petitioner in this case is collaterally attacking his conviction and sentence, which is properly brought pursuant to 28 U.S.C. § 2255.  Furthermore, the petition does not satisfy requirements contained in the "savings clause" in § 2255.  See **In re Jones**, 226 F.3d 328, 333 (4th Cir. 2000).  The petitioner then must demonstrate actual innocence.  Actual innocence means factual innocence, not mere legal insufficiency.  **Herrera v. Collins**, 506 U.S. 390, 404 (1993). Here, the petitioner claims that he is actually innocent of the career offender enhancement. The second requirement of **Jones** states that "subsequent to the prisoner's direct appeal and first 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . .."  226 F.3d at 333-334.  The crimes for which the petitioner was convicted remain criminal offenses; accordingly, the petitioner cannot satisfy the second element of **Jones**.  Therefore, the petitioner's Objection is **OVERRULED**.

Petitioner's second objection challenges the magistrate judge's recommendation that this action be dismissed with prejudice.  The petitioner again argues that his sentence is not valid because his prior juvenile offenses were miscalculated.  As discussed above, this claim was already denied by the Sixth Circuit Court of Appeals on direct appeal and by the district court in Knoxville, Tennessee when it denied the petitioner's petition under 28 U.S.C. § 2255. This Court agrees that this petition should be dismissed with prejudice.  As such, this Objection is **OVERRULED**.

Finally, the petitioner generally objects that he is being held unlawfully and that this Court should order his immediate release.  As previously determined, the 924(e)

4

enhancement was properly applied. Therefore, this Court cannot grant the relief the petitioner seeks, and the Objection is **OVERRULED**.

This Court notes the petitioner has also requested the appointment of counsel to assist in this matter [Doc. 8]. The Fourth Circuit Court of Appeals has recognized that "[t]here is no right to counsel in post-conviction proceedings." **Hagie v. Pinion**, 995 F.2d 1062 (4th Cir. 1993) (citing **Pennsylvania v. Finley**, 481 U.S. 551, 556-57 (1987)). In **Pennsylvania v. Finley**, the Supreme Court stated "the equal protection guarantee of the Fourteenth Amendment does not require the appointment of an attorney for an indigent appellant just because an affluent defendant may retain one. 'The duty ... under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims . . ..'" 481 U.S. at 556 (quoting **McKane v. Durston**, 153 U.S. 684 (1894)). This Court finds no reason to appoint counsel in this matter; accordingly, the Motion **[Doc. 8]** is **DENIED**.

## **V.**     **Conclusion**

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 5]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court **DENIES AND DISMISSES WITH PREJUDICE** the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. Additionally, the petitioner's Objections to the magistrate judge's R&R **[Doc. 7]** are **OVERRULED**. Finally, the pro se Motion to Appoint Counsel **[Doc. 8]** is hereby **DENIED**. Accordingly, this matter

is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent. As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** May 17, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE